IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ELIZABETH WIGGINS,** | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | **CIVIL NO. 06-cv-656-WDS** |
| vs. | ) | |
| | ) | **CRIMINAL NO. 93-cr-30025** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This action comes before the Court on petitioner's "Habeas Corpus Petition Pursuant to the Original Habeas Corpus." Petitioner states specifically that she is not bringing the case under section 2255 or section 2241. However, in the motion, petitioner attacks her conviction and sentence and seeks immediate release.

In February 1998, petitioner filed a § 2255 Motion based on ineffective assistance of counsel; that motion was denied. *See Wiggins v. United States*, Case No. 98-cv-79-WDS (S.D. Ill., filed Feb. 3, 1998). In the instant motion, she argues (1) that the habeas corpus statute, 28 U.S.C. § 2241, and the statute under which a federal prisoner may seek to vacate, set aside, or correct sentence, 28 U.S.C. § 2255, were not properly enacted and are thereby null and void, (2) that the penalty provisions of the statutes under which she was convicted, 21 U.S.C. § 841 and 846, were repealed and not properly reenacted, (3) that the government, knowing of those void statutes, committed fraud upon the court, (4) that the jury did not find that the crimes charged were committed in the Southern District of Illinois, and (5) the Court never had authority to prosecute Petitioner because the Court

was "transferred into the Department of Justice" in violation of the separation of powers doctrine.

This action is a challenge to the validity of petitioner's conviction and sentence, which is, in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States*, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* at 979-80.

In this case, where it is clear that Petitioner has already filed one collateral attack on his conviction, the Court is required to construe the instant motion as a second or successive collateral attack. *Lloyd*, 398 F.3d at 980.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Thus, only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition.

Unlike the former standard, under which a second petition could be pursued unless

> the government established that it was an abuse of the writ, *see McCleskey v. Zant,* 499 U.S. 467, 477, 494-5, 111 S.Ct. 1454, 1461, 1470-71, 113 L.Ed.2d 517 (1991), the new prior-approval device is self-executing. From the district court's perspective, it is the allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *Roldan v. United States,* 96 F.3d 1013, 1014 (7th Cir. 1996). Because there is nothing in the record to establish that petitioner has sought and obtained a certification from the Seventh Circuit Court of Appeals to pursue this second motion under § 2255, this Court is without jurisdiction to entertain the motion. *See* 28 U.S.C. § 2255, ¶ 8; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Accordingly, Petitioner's motion under § 2255 is **DENIED** for lack of jurisdiction, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:  November 1, 2006**

                              **s/ WILLIAM D. STIEHL**
                              **DISTRICT JUDGE**